**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10412 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00049-AWI |
| v. | |
| KENNETH HENRY McDONALD, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Kenneth Henry McDonald, Jr. appeals from the district court's revocation of

supervised release and the nine-month sentence imposed upon revocation. We

have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

McDonald contends, and the government agrees, that the district court improperly delegated judicial authority by construing Standard Condition 3 to permit the probation officer to prohibit McDonald from possessing certain types of cell phones and images of minors. A district court may only "delegate to the probation officer the details of where and when the condition will be satisfied." *United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005). Here, construing Standard Condition 3 to allow the probation officer to impose new substantive conditions was an improper delegation regarding the "primary decision" of what supervised release conditions should be imposed. *See id.* at 882. Accordingly, we vacate the judgment and remand for resentencing solely on the basis of McDonald's violation of Special Condition 8.

**VACATED and REMANDED.**